**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Angela Christine Wojcik,<br><br>                    Plaintiff,<br><br>        v.<br><br>Trader Joe's Company, et al.,<br><br>                    Defendants. | Case No. 2:25-cv-00051-JAD-DJA<br><br>**Order** |

In November of 2022, Plaintiff Angela Christine Wojcik shopped for groceries at Trader Joe's. While putting those groceries away, a glass bottle of ale that Plaintiff purchased exploded, causing Plaintiff injuries. Plaintiff sues Defendants Trader Joe's Company dba Trader Joe's and Unibroue Brewery (the ale producer)[1] for damages, alleging claims for negligence, strict products liability, negligent failure to inspect and warn, and breach of warranty.

Trader Joe's moves for leave to assert a crossclaim against Unibroue and to assert third party claims against Sleeman Breweries; Sapporo Breweries, Ltd.; and D'Aquino Importing Co. (ECF No. 40). Plaintiff moves to supplement her response to that motion, arguing that Trader Joe's disclosure of its expert's report indicates that Trader Joe's intends to assert that Plaintiff caused the bottle to explode and so, Trader Joe's should not be allowed to name other companies as potentially liable. (ECF No. 51). Plaintiff also moves for a protective order in which motion she asserts that, because Trader Joe's noticed her deposition for after the expert report deadline, Trader Joe's experts should not be permitted to rely on her deposition. (ECF No. 54). Trader

---

[1] Plaintiff also sued O-I Canada Corp.—which she improperly named as O-I Glass, Inc.—the manufacturer of the glass bottle. But Plaintiff stipulated to dismiss her claims against O-I, and O-I was terminated on April 3, 2025. (ECF Nos. 25, 26). Plaintiff also sued Sapporo U.S.A., Inc. dba Unibrew USA, the distributor. But the Court granted Plaintiff's dismissal of her claims against Sapporo on November 20, 2025. (ECF No. 52). The only remaining Defendants in this case are Trader Joe's and Unibroue. Unibroue has not been served.

Joe's moves to compel Plaintiff to disclose her cancer treatment records, arguing that Plaintiff herself admitted that her cancer treatment, which treatment began after the bottle exploded, exacerbated the numbness and neuropathy she experiences related to the injuries she sustained. (ECF No. 55).  Trader Joe's also moves to extend the discovery period, citing the outstanding motions related to discovery and possibility of adding additional parties to the litigation.  (ECF No. 58).

Because the Court finds that Trader Joe's has met the lenient standard under Federal Rule of Civil Procedure 15, it grants Trader Joe's motion to assert a crossclaim and third party claims. (ECF No. 40).  Because the Court finds that Plaintiff reasonably sought to supplement her response, the Court grants the motion to supplement.  (ECF No. 51).  The Court denies Plaintiff's motion for protective order as premature because it seeks to prevent Trader Joe's from supplementing its expert reports, even though Trader Joe's has not yet attempted to supplement its expert reports.   (ECF No. 54).  The Court grants Trader Joe's motion to compel because Trader Joe's has shown that Plaintiff's cancer treatment records are relevant and proportional. (ECF No. 55).  Finally, the Court grants Trader Joe's motion to extend the discovery period so that the parties—including those Trader Joe's seeks to add—have time to conduct the discovery this order allows.  (ECF No. 58).

## I.      Discussion.

### A.      Trader Joe's motion to assert a crossclaim and third party claims (ECF No. 54).

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id*.  "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted.  *Senza-Gel*

*Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

The Court grants Trader Joe's motion given the liberal standards applicable to Rule 15 motions.[2]  The Court does not find that Trader Joe's unduly delayed.  Trader Joe's asserts that in September of 2025, it learned for certain that Plaintiff was not pursuing her claims against Unibroue, Unibrew USA responded to Trader Joe's discovery responses regarding the interactions between the manufacturers at issue, and D'Aquino responded to Trader Joe's subpoena.  Trader Joe's then filed its motion in October.  Plaintiff argues that Trader Joe's should have filed its motion after Plaintiff sent it a proposed stipulation to dismiss Unibroue from the case in April of 2025.  But that argument ignores the other parties against whom Trader Joe's seeks to bring claims.  And as Trader Joe's points out, the parties never submitted the stipulation to the Court.  It was not until Plaintiff asserted at a September 17, 2025, hearing that she did not intend to serve or pursue her claims against Unibroue that Trader Joe's learned for certain that it needed to bring a claim against and serve Unibroue itself.  Additionally, the Court does not find the fact that the litigation will be complicated by the addition of more parties to constitute sufficient prejudice to Plaintiff to deny the amendment.  Finally, none of the other five factors— bad faith, futility, or previous amendments—lead to a contrary conclusion.  The Court grants Trader Joe's motion.  Trader Joe's must file and serve its proposed amended pleading.[3]

---

[2] Plaintiff asserts that Rule 16(b) governs here.  It does not.  Trader Joe's moved to bring these claims before the deadline to amend pleadings or add parties passed.

[3] Trader Joe's inadvertently did not include its proposed amended pleading with its motion as required by Local Rule 15-1.  Trader Joe's then filed a supplement to its motion, attaching that proposed amended pleading.  (ECF No. 41).  Supplements should not be made without leave of

**B.**    ***Plaintiff's motion to supplement (ECF No. 51).***

Supplementation is prohibited without leave of court.  *See* LR 7-2(g).  The court may grant supplementation for good cause.  *Id.*  Here, the Court finds that Plaintiff has shown good cause for the supplementation she seeks to make.  She claims that she did not receive Trader Joe's expert report—which report contained the opinion that the bottle broke due to external impact— until after she filed her opposition to Trader Joe's motion to add a crossclaim and bring third party claims.  So, the Court will permit the supplementation and has considered Plaintiff's supplement in deciding Trader Joe's motion.  However, Plaintiff's supplement does not change the Court's conclusion.  Just because one of Trader Joe's experts opined that the bottle broke from external impact does not mean that that fact is established such that Trader Joe's is precluded from bringing other potentially liable parties into this lawsuit.

**C.**    ***Plaintiff's motion for protective order (ECF No. 54).***

Under Rule 26(c)(1), the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  "The burden is upon the party seeking the order to show good cause by demonstrating harm or prejudice that will result from the discovery.  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (internal citations and quotations omitted).  Here, Plaintiff moves for a protective order that would prevent Trader Joe's experts from relying on her testimony.  (ECF No. 54).  Plaintiff filed her motion after the initial expert disclosure deadline passed on October 29, 2025, but before her deposition on January 21, 2026.  Plaintiff argues that, because Trader Joe's decided to schedule her deposition after the expert disclosure deadline, the Court should prevent Trader Joe's from attempting to supplement its expert's reports with their opinions regarding her deposition.  Trader Joe's argues, in part, that Plaintiff's motion is premature.  (ECF No. 56).  Trader Joe's has the better argument.  Trader Joe's has not yet sought to supplement its expert reports and so, there is no ripe issue on which the Court can rule.  So, the Court declines to reach the issue and denies

court.  *See* LR 7-2(g).  Trader Joe's should have filed an erratum or notice of corrected image. *See* LR IC 2-2(h).  However, since the error appears to be in name only, the Court will consider the supplement and proposed amended pleading attached.

Plaintiff's motion without prejudice. Because the Court denies Plaintiff's motion on ripeness grounds, it does not address the parties' arguments regarding the merits.

### D.    Trader Joe's motion to compel (ECF No. 55).

If a party resists discovery, Rule 37(a) authorizes the requesting party to file a motion to compel. The party seeking to compel discovery responses must make a threshold showing that the discovery sought is relevant. *See Tsatas v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2022 WL 74003, at *2 (D. Nev. Jan. 2, 2022) (citing *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438–39 (9th Cir. 1992); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); and *Guzman v. Lincoln Tech. Inst., Inc.*, No. 2:13-CV-2251-RFB-VCF, 2015 WL 1729711, at *1 (D. Nev. Apr. 15, 2015)). This is a "relatively low threshold." *Id.* Once relevancy is shown, the party resisting discovery bears the burden to show that discovery should not be allowed. *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Trader Joe's moves to compel Plaintiff to authorize a release for her medical records from the Mayo Clinic from November 23, 2017, until the present. (ECF No. 55). Trader Joe's points out that, in September of 2023, almost a year after the bottle exploded, Plaintiff received a positive mammogram and, at some point thereafter, started treating with chemotherapy at the Mayo Clinic. In her interrogatories and deposition, Plaintiff acknowledged that her cancer treatment intensified the injury and neuropathy stemming from the bottle exploding. Trader Joe's expert also opined that, although he had not been able to review Plaintiff's chemotherapy records, certain chemotherapy treatments could cause neurotoxicity and impact her neuropathy. So, Trader Joe's has met the threshold showing that Plaintiff's Mayo Clinic records are relevant.

Plaintiff argues that, in seeking all of her Mayo Clinic records, Trader Joe's request is not proportional. (ECF No. 62). Plaintiff argues that Trader Joe's request would encompass all of her sensitive Mayo Clinic oncology, mastectomy, and gynecologic records, which records Plaintiff argues are not relevant to the case. As a compromise, Plaintiff offers to provide the identity of all chemotherapy drugs used to treat her breast cancer; the schedule, dose, and number of cycles of each drug; and any Mayo Clinic records that specifically reference neuropathy. In

reply, Trader Joe's argues that Plaintiff should not be permitted to unilaterally decide what is relevant to Trader Joe's case.  Trader Joe's acknowledges that the records may contain sensitive information, but add that even records that Plaintiff finds sensitive and believes do not contain relevant information (such as surgery records related to her mastectomy, for example) would contain relevant information (like information regarding Plaintiff's overall pain and suffering levels).

Trader Joe's has the better argument.  Plaintiff has not shown the harm or prejudice she will face from the Mayo Clinic disclosing these records to Trader Joe's, other than her understandable concern with the sensitive nature of the documents.  But the documents are relevant to her claims and simply because they are discoverable does not mean that they will ultimately be admissible.  There is also nothing preventing the parties from stipulating to a blanket protective order to protect the information at issue during the course of this litigation. The Court therefore grants Trader Joe's motion.

### E.      *Trader Joe's motion to extend time (ECF No. 58).*

Trader Joe's moves to extend the discovery deadline, dispositive motions deadline, and joint pretrial order deadline by ninety days, arguing that the outcome of the pending motions may make additional discovery necessary and could result in the addition of new parties.  (ECF No. 58).  Plaintiff opposes, arguing that any delay is prejudicial to her at this stage given the potentially terminal nature of her cancer.  (ECF No. 63).  While the Court is sympathetic to Plaintiff's position, given its ruling on the issues in this order and the relatively short length of the extension from the date of this order, the Court finds that good cause exists to extend the discovery deadlines by ninety days.  *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3.  The Court will therefore grant Trader Joe's motion.

///

///

///

**IT IS THEREFORE ORDERED** that Trader Joe's motion to assert crossclaim and third party claims (ECF No. 40) is **granted.** Trader Joe's must file and serve its proposed pleading. LR 15-1(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement (ECF No. 51) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for protective order (ECF No. 54) is **denied without prejudice** as premature.

**IT IS FURTHER ORDERED** that Trader Joe's motion to compel (ECF No. 55) is **granted.**

**IT IS FURTHER ORDERED** that Trader Joe's motion to extend time (ECF No. 58) is **granted.** The following deadlines shall govern:

| | |
|---|---|
| Close of discovery: | April 27, 2026 |
| Dispositive motions: | May 27, 2026 |
| Pretrial order: | June 26, 2026[4] |

DATED: February 3, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[4] If dispositive motions are filed, the joint pretrial order will be due thirty days after decision on the dispositive motions or further court order. LR 26-1(b)(5).