**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Angela Christine Wojcik,

     Plaintiff

v.

Trader Joe's Company, et al.,

     Defendants

And all other claims and parties

Case No.: 2:25-cv-00051-JAD-DJA

**Order Granting Joint Motion to Shorten Time, Granting Plaintiff's Motion to Expedite Trial and Bifurcate Proceedings, and Denying Defendant's Motion to Extend Discovery**

[ECF Nos. 76, 77, 84]

Plaintiff Angela Christine Wojcik sues Trader Joe's for product-defect liability and negligence after she was allegedly injured by an exploding bottle of Trader Joe's 2022 Vintage Spiced Ale. She originally named several other defendants up the bottle's manufacturing chain, but she eventually settled with or abandoned efforts to serve those defendants. Trader Joe's now asserts a crossclaim against foreign manufacturer Unibroue Brewery, and third-party claims against three other manufacturers and distributors of the bottles.

Wojcik moves to bifurcate trial into two stages: the first stage would adjudicate Wojcik's claims against Trader Joe's, and the second would address Trader Joe's contribution and indemnity claims against the crossclaim and third-party defendants. She also asks the court to expedite the first phase because she has been diagnosed with an aggressive and likely terminal form of cancer. Trader Joe's separately moves to extend the discovery deadline, noting that the third parties have not yet appeared and that there might be additional discovery it needs from them. The parties ask that this court expedite its ruling so the parties can determine what deadlines in this case apply.

I grant the motion to shorten time to rule on these motions. And I grant in part Wojcik's motion to expedite and bifurcate because she has shown that there is good cause to do so under these circumstances. But the court's schedule does not permit trying this case by Wojcik's requested date of July 31, 2026. I instead set the trial date for September 1, 2026, and advance the dispositive-motions deadline to May 22, 2026. I deny Trader Joe's motion for discovery because it lacks specificity concerning what discovery may need to take place if and when the third parties appear. Trader Joe's will need to move to reopen discovery at a later date if necessary.

**Discussion**

**A.      Bifurcation and an expedited trial on Wojcik's claims are warranted under the court's inherent authority to manage cases and control its docket.**

Wojcik seeks an expedited trial schedule because she is seriously ill. She cites to medical records reflecting that she recently had a recurrence of an aggressive form of breast cancer that has been unresponsive to various treatments.[1] "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."[2] I find that, under the circumstances presented in this case, an expedited trial is warranted. Both parties acknowledge that discovery between Wojcik and Trader Joe's is complete. Any outstanding discovery issues would be related to Trader Joe's third-party complaint, which was not initiated until February 2026.

---

[1] *See* ECF No. 76 and attached exhibits.

[2] *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

Under the circumstances, I find that bifurcation of Trader Joe's claims is warranted.[3]  As of this date, Trader Joe's has not served some of its third-party defendants, and it seeks an extension of time to complete discovery related to its contribution and indemnity claims. Bifurcation will allow a jury to determine whether Trader Joe's is liable to Wojcik on her claims. That determination will either give Trader Joe's a sum certain that it can pursue contribution and indemnity for against the cross-claim and third-party defendants, or it will render Trader Joe's separate claims moot if it is found not liable for Wojcik's injuries.  Though I am typically skeptical of the propriety of bifurcating cases, the extenuating circumstances of Wojcik's illness— combined with the fact that Trader Joe's claims are in their infancy while Wojcik's claims are ready for disposition—lead me to conclude that bifurcation is warranted here.

So I grant Wojcik's motion, but only in part.  Wojcik requests that this case go to trial by July 31, 2026, but the court's schedule does not permit completing trial that soon.  Trial will instead be set for September 1, 2026, the earliest date available.  The parties must file any dispositive motions by May 22, 2026, and the briefing schedule set forth in this district's Local Rule 7-2(b) will apply.

One final hurdle must be cleared to allow this schedule to go forward.  Unibroue remains an unserved defendant in Wojcik's case.  In August 2025, Wojcik confirmed that she ceased efforts to serve Unibroue,[4] but she did not file anything with the court indicating that she has abandoned her claims against it.  If Wojcik intends to proceed only against Trader Joe's, she

---

[3] *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

[4] ECF No. 35 at 3 (citing ECF No. 35-1 at 2 (email from Wojcik's counsel, confirming that she "will not pursue any additional parties at trial beyond Trader Joe's")).

must file by May 11, 2026, a notice voluntarily dismissing her claims against Unibroue so the record clearly reflects that only her claims against Trader Joe's remain.

**B.      Trader Joe's motion to extend the discovery deadline is denied.**

Trader Joe's moves to extend the discovery deadline by 120 days.[5] That deadline passed on April 27, 2026, and both parties appear to agree that the crucial discovery between Wojcik and Trader Joe's has already been completed. Trader Joe's contends that additional discovery might be necessary because new third parties have been added to this case. Wojcik responds that Trader Joe's extension request lacks specificity and might prolong this case indefinitely, especially in light of the fact that Trader Joe's recently sought an extension to serve the third parties.

I deny Trader Joe's request without prejudice to its ability to file a motion to reopen discovery if and when the third parties are served and appear in this case. Wojcik's case against Trader Joe's will go forward with the discovery completed between those parties. If Trader Joe's or the yet-to-appear defendants determine that additional discovery is needed on Trader Joe's claims, they may file a motion or stipulation requesting that discovery be reopened and explaining precisely what discovery needs to be done on those claims.[6]

**Conclusion**

IT IS THEREFORE ORDERED that Angela Christine Wojcik's motion to expedite and bifurcate trial **[ECF No. 76] is GRANTED in part. This case is bifurcated** into two paths and separate trials: (1) Wojcik's claims against Trader Joe's, and (2) Trader Joe's crossclaims and third-party claims. **The deadline to file dispositive motions on Wojcik's claims is May 22,**

---

[5] ECF No. 77.

[6] Trader Joe's motion to extend time to complete service on the targets of its claims remains pending before the magistrate judge. ECF No. 80.

**2026.  Trial on Wojcik's claims is set for September 1, 2026.  Calendar call will be held at 1:30 p.m. on Monday, August 17, 2026,** in Courtroom 6D of the Lloyd D. George Courthouse.

IT IS FURTHER ORDERED that **the plaintiff must file a notice of dismissal against Unibroue Brewery by May 11, 2026.**

IT IS FURTHER ORDERED that Trader Joe's motion to extend the discovery deadline **[ECF No. 77] is DENIED without prejudice** to its ability to file a motion to reopen discovery on its affirmative claims once those target defendants have appeared.

IT IS FURTHER ORDERED that the joint motion to shorten time for ruling on ECF Nos. 76 and 77 **[ECF No. 84] is GRANTED.**

_____
U.S. District Judge Jennifer A. Dorsey
May 4, 2026