**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Angela Christine Wojcik,

      Plaintiff

v.

Trader Joe's Company,

      Defendant

Case No.: 2:25-cv-00051-JAD-DJA

**Order Denying Plaintiff's Motion for Partial Summary Judgment and Scheduling a Mandatory Settlement Conference**

[ECF No. 88]

Plaintiff Angela Christine Wojcik sues Trader Joe's for strict products liability and breach of warranty after she was allegedly injured by an exploding bottle of Trader Joe's 2022 Vintage Spiced Ale. She moves for summary judgment on Trader Joe's liability on her strict-products-liability claim only, contending that the facts support the conclusion that the bottle broke in a manner that would not be expected under the circumstances. But questions of fact abound over what made the bottle explode: Wojcik claims that it spontaneously exploded as she was about to put it in her fridge, but Trader Joe's expert opines that an external impact caused it to break. And the parties' experts disagree about whether the bottle's porosity and uneven thickness were defects that contributed to the fracture. Because these central issues will need to be determined by the jury, I deny Wojcik's motion.

**Background**

**A.    Wojcik was injured by a Trader Joe's bottle that exploded in her garage.**

On November 23, 2022, Wojcik purchased a bottle of 2022 Vintage Ale from a Trader Joe's store located in the Centennial Hills neighborhood of Las Vegas, Nevada.[1] That bottle,

---

[1] ECF No. 88-2 at 3 (Wojcik's responses to Trader Joe's first set of interrogatories).

along with some other glass bottles, were loaded into a box with dividers by a Trader Joe's employee.[2]  When Wojcik got the box home, she took it out of her car's trunk and set it down on the garage floor, went into the house to put the other groceries in her kitchen, and returned to the garage to put the bottles in the fridge located there.  She removed the bottles from the box and put them on the floor.  She was "on the phone speaking with [her] mom" when she went to open the fridge.[3]  As she was "reaching over the [Vintage Ale] bottle," she "felt something," "looked down," and realized that she was "bleeding badly."[4]  She noted that "the base of the bottle was still on the floor."[5]  Wojcik went to the emergency room at a nearby hospital and received stitches for her injuries.[6]

Trader Joe's Federal Rule of Civil Procedure (FRCP) 30(b)(6) witness stated at his deposition that he had no reason to believe that Wojcik's description of the incident was fraudulent or untruthful.[7]  He also acknowledged that "spontaneous explosion of this bottle is not an expected event[.]"[8]  Trader Joe's and Wojcik produced expert reports analyzing the bottle and opining on why it broke.  Wojcik's expert Naresh Kar opines that "the subject bottle exhibited glass defects (porosity) and uneven, decreasing wall thickness (in the regions of failure)," resulting "in an unexpected, brittle facture of the glass."[9]  Trader Joe's expert Gabriel Ganot concluded that "the subject fracture was initiated by an external impact on, or in proximity to, the

---

[2] Id.

[3] Id. at 4.

[4] Id.

[5] Id.

[6] Id.

[7] ECF No. 88-1 at 6.

[8] Id. at 12.

[9] ECF No. 88-4 at 3.

bottle's shoulder" and that "no manufacturing defects were observed in the bottle."[10]  Kar opined that, had the porosity and uneven-thickness defects not existed, the bottle would have withstood an external impact.[11]

**B.      Wojcik sues Trader Joe's, and Trader Joe's sues various manufacturers.**

Wojcik filed this lawsuit in state court, and it was removed to federal court in January 2025.[12]  She initially sued Trader Joe's and several manufacturers of the bottle for negligence, strict products liability, negligent failure to inspect and warn, and breach of warranty.[13]  Her case was eventually narrowed to proceed against Trader Joe's only, while Trader Joe's maintains cross claims against the bottle's manufacturers.  In May 2026, I granted Wojcik's motion to bifurcate her claims from Trader Joe's crossclaims and the parties' stipulation to dismiss Wojcik's negligence claims.[14]  Her strict-products-liability and breach-of-warranty claims proceed to trial against Trader Joe's on September 1, 2026, with Trader Joe's own claims preserved for a later trial.[15]

---

[10] ECF No. 88-3 at 10.

[11] ECF No. 88-5 at 3.

[12] ECF No. 1 (petition for removal).

[13] ECF No. 1-1 (complaint).

[14] ECF Nos. 86, 91.

[15] ECF No. 86 at 5.

**Discussion**

**A.    Wojcik bears the burden to prove every essential element of her strict-liability claim.**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[16]  The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[17]  If the plaintiff bears the burden of proof at trial "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[18]  The plaintiff must establish "beyond controversy every essential element of its" claim in order to avoid trial and prevail on summary judgment.[19]

**B.    Questions of fact preclude summary judgment in Wojcik's favor.**

To prevail on a strict-products-liability claim in Nevada, a plaintiff must prove that "(1) the product at issue was defective, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury."[20]  A product is defective if it "fails to perform in the manner reasonably to be expected in light of its nature and intended function and is more dangerous than would be contemplated by the ordinary user."[21]  "The plaintiff must

---

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[17] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[18] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir.1992) (citation and quotations omitted)).

[19] *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

[20] *Rivera v. Philip Morris*, 209 P.3d 271, 276 (Nev. 2009).

[21] *Ginnis v. Mapes Hotel Corp.*, 470 P.2d 135, 138 (Nev. 1971).

show that the [product] defect was a substantial factor in causing his injury."[22]  "The malfunction itself gives rise to an inference of defect, and direct proof of the cause is unnecessary."[23]

The parties don't appear to dispute that Trader Joe's sold Wojcik the bottle and that it was in the same condition when it exploded as it was when it left the store.  The parties primarily dispute whether the bottle was defective.  Wojcik advances three main arguments to show that it was: (1) Trader Joe's FRCP 30(b)(6) witness doesn't dispute Wojcik's account of the accident, which shows that she used the product as intended; (2) the explosion itself proves that the bottle was defective; and (3) her expert concluded that the bottle was defective because the glass contained air bubbles (referred to as "porosity") and uneven thickness.  Trader Joe's responds that its 30(b)(6) testimony does not carry the weight Wojcik assigns to it and that its expert opined that an external impact caused the explosion and the "defects" Wojcik relies on are not defects at all.

Wojcik seems to suggest that, because Trader Joe's FRCP 30(b)(6) representative testified that he had no reason to doubt her version of events, it is conclusively established that Wojcik didn't misuse the bottle in a manner that would have caused the bottle to break.  Even if I take the representative's statements as a concession of Wojcik's version of events, her account does not rule out the possibility that an external force sufficient to break a bottle free of defects occurred.[24]  She merely says that she was opening the fridge and talking on the phone, looked

---

[22] *Price v. Blaine Kern Artista, Inc.*, 893 P.2d 367, 370 (Nev. 1995) (quoting *Voss v. Black & Decker Mfg. Co.*, 450 N.E.2d 204, 209 (N.Y. 1983).

[23] *Miller v. DePuy Synthes Sales, Inc.*, 837 F. App'x 472, 473–74 (9th Cir. 2020) (citing *Ford Motor Co. v. Trejo*, 402 P.3d 649, 653 (Nev. 2017)); *Krause Inc. v. Little*, 34 P.3d 566, 572 (Nev. 2001).

[24] Wojcik references testimony that she apparently gave in this case, ECF No. 88 at 8, but she does not quote from that testimony or attach a deposition transcript to her summary-judgment motion.  The only retelling of what happened in this record is a written response to Trader Joe's interrogatories, which does not address the possibility that an external impact caused the bottle to

down to see her arm bleeding, and noticed the broken bottle's base still upright on the floor. It's the jury's job to listen to her testimony, compare it to expert testimony opining that the bottle broke because something hit it, and determine whether an ordinary consumer would not have expected it to break under the circumstances.

Wojcik next suggests that the explosion itself is sufficient to show that the bottle had a defect. "[If] there is evidence of some dangerous condition, the factfinder can find, [if] other identifiable causes are absent, that the mere evidence of a malfunction is sufficient evidence of a defect."[25] But whether "other identifiable causes are absent" is a question of fact in this case. Though Wojcik refers to the explosion as "spontaneous" at various points in her motion, she also seems to acknowledge that *both* experts believe that the explosion was caused by an external impact on the glass.[26] Neither expert opined on the impact's force against the glass, however.

---

explode—it merely says that Wojcik was reaching over the bottle, felt something, saw that she was bleeding, and observed the base of the bottle on the ground. *See* ECF No. 88-2.

[25] *Stackiewicz v. Nissan Motor Corp. in USA*, 686 P.2d 925, 928 (1984) (cleaned up). At points in her motion, Wojcik argues that she may rely on a "res ipsa loquitor type of inference" to show that there was a defect without "proving why the product failed or exactly what the defect is." ECF No. 88 at 15. Trader Joe's contends that Wojcik cannot rely on res ipsa because she did not plead facts to support that theory in her complaint. ECF No. 92 at 4–5. But Trader Joe's relies on caselaw analyzing proper notice of a res ipsa theory in the negligence context. Res ipsa is treated slightly differently in the strict-liability context. As the Nevada Supreme Court explained in *Allison v. Merck & Co., Inc.*, 878 P.2d 948, 952 n.5 (Nev. 1994), res ipsa in strict-liability cases merely acknowledges that "plaintiffs may rely on circumstantial evidence to establish a product defect." That's the case whether or not one attributes the phrase "res ipsa loquitor" to that principle. *See, e.g.*, *Stackiewicz*, 686 P.2d at 928; Restatement (Third) of Torts: Prod. Liab. § 3 (1998) (explaining that "[i]t may be inferred that the harm sustained by the plaintiff was caused by a product defect existing at the time of sale . . . .without proof of a specific defect, when the incident (a) was of a kind that ordinarily occurs as a result of product defect; and (b) was not, in the particular case, solely the result of causes other than product defect existing at the time of sale . . . ."). So I find that Wojcik may rely on circumstantial evidence to establish a defect.

[26] ECF No. 88 at 6 ("The experts agree that an external impact resulted in the combustion of the subject bottle."). Wojcik does not point to any evidence showing that Kar also came to that conclusion.

Wojcik contends that a "minor external impact" would not reasonably cause the glass to explode, but there is no evidence that the potential impact was minor. Based on the evidence Wojcik supplied on summary judgment, I cannot conclude that the bottle performed in an unexpected manner under these undefined circumstances.[27]

Nor do Wojcik's expert's defect opinions entitle Wojcik to judgment. Though Kar reasons that porosity and thickness inconsistencies were defects in the bottle, Ganot opined that they were part of the normal manufacturing process and should not be considered defects. It's yet again the jury's province to determine which expert is more credible and to assess whether the porosity and thickness of the bottle are flaws or features. So I deny Wojcik's motion in its entirety, refer this case to the magistrate judge for a mandatory settlement conference, and set a deadline for Wojcik and Trader Joe's to file a joint pretrial order.[28]

**Conclusion**

IT IS THEREFORE ORDERED that Angela Christine Wojcik's motion for partial summary judgment **[ECF No. 88] is DENIED**.

---

[27] I acknowledge that the Nevada Supreme Court rejected similar arguments by the defense in *Van Duzer v. Shoshone Coca Cola Bottling Co.*, 741 P. 2d 811, 813–814 (Nev. 1987), finding that a bottle that exploded because it jostled with other glass bottles in a shopping cart "rendered the bottle unreasonably dangerous and defective" even though the defendants presented evidence that the bottle contained no obvious flaws. But that determination was made after the case went to trial and all of the evidence was presented to a jury. Here, the slim summary-judgment record leaves too many gaps for me to determine as a matter of law that the same dangerous conditions caused this Vintage Ale bottle to explode.

[28] To the extent that Wojcik seeks summary judgment based on an inadequate-warning theory, ECF No. 88 at 10, she fails to carry her burden. She merely states that warnings "that the bottle was any more fragile than a standard glass bottle" were not on the bottle and that Trader Joe's knew other bottles produced in different years had exploded in the past. But the evidence doesn't conclusively establish that the glass was in fact more fragile, so Wojcik isn't entitled to judgment on a failure-to-warn theory.

IT IS FURTHER ORDERED that Wojcik and Trader Joe's must appear for a **MANDATORY SETTLEMENT CONFERENCE via video conference before Magistrate Judge Daniel J. Albregts on August 20, 2026.** Because trial is set for September 1, 2026, this is a firm date for the settlement conference.

IT IS FURTHER ORDERED that Wojcik and Trader Joe's **must file their proposed joint pretrial order for the September 1st trial by July 20, 2026**.

_____
U.S. District Judge Jennifer A. Dorsey
July 8, 2026